# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AUQUANETTE CLAXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18CV205JCH |
| | ) |
| CONVERGYS CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Remand filed by Plaintiff Anquanette Claxton. (ECF 14). Also before the Court is Defendants' Motion to Strike Portions of Plaintiff's Reply Brief. (ECF 19). The matters are fully briefed and ready for disposition.

## BACKGROUND

On December 21, 2017, Plaintiff filed a cause of action in the Circuit Court of St. Louis County, Missouri, against Defendants Convergys Corporation, Brian Campbell, Vanessa Rodgers, and Cassandra Jackson (incorrectly named Cassandra "Johnson"). Plaintiff's State Cause of action alleged, against all Defendants, Disability Discrimination pursuant to the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.055 (Count 1), Retaliation for requesting leave pursuant to

the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2612, *et seq.* (Count II), Wrongful Termination (Count III), and Intentional Infliction of Emotional Distress (IIED) (Count IV). (ECF 1.1 & 4). In Count III, Wrongful Termination, Plaintiff alleged that "Defendants penalized Plaintiff for using [the] FMLA" and that Defendants terminated Plaintiff for complaining and reporting work place policies that violate Missouri law and statutes."

On February 6, 2018, Defendants[1] removed Plaintiff's cause of action to the United States District Court for the Eastern District of Missouri based on federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332(a)(1). The Notice of Removal stated that Counts II and III arose under and were based upon the FMLA, and that, therefore, the Court had federal question jurisdiction. The Notice of Removal also stated that Defendants Campbell, Rodgers, and Jackson were all fraudulently joined because they could not be individually liable under the MHRA, in that they were not "employers" within the meaning of Mo. Rev. Stat. § 213.010, and because Plaintiff did not sufficiently allege a cause of action for IIEC. (ECF 1).

On February 13, 2018, Defendants filed a Motion to Dismiss in which they made the same arguments that they made in support of the alleged fraudulent joinder of Defendants Campbell, Rodgers, and Jackson that they made in the

---

[1] Defendant Cassandra Jackson was not served at the time of removal, and, therefore, did not join in the removal. To date, she has not been served.

Notice of Removal. Defendants also argued that Plaintiff failed to exhaust her administrative remedies regarding Defendants Campbell and Rodgers. (ECF 8).

On February 20, 2018, Plaintiff filed a Motion to Amend the Complaint (ECF 10), which the Court granted on February 21, 2018 (ECF 12). Plaintiff's First Amended Complaint purports to name all Defendants in each of its five Counts.[2] As to all Counts, the First Amended Complaint alleges that Plaintiff obtained a restricted work schedule from a doctor on or about December 1, 2014; that after she obtained the restricted work schedule, Plaintiff "began to receive ill treatment from Defendants"; that "Plaintiff complained about the ill treatment to HR and sought assistance to no avail" and reported her concerns to Defendants Rodgers and Campbell; that "[d]uring the time of Plaintiff's illness, Defendant [] Jackson demanded money from Plaintiff"; that "Plaintiff was pushed around, humiliated and demeaned because of her age and illness"; that Defendant Jackson was a "team lead/supervisor"; that Defendant Jackson's "demand placed Plaintiff under duress and in fear"; that "Plaintiff was made fun of for being older, slow and for having a bald spot at the top of her head"; that, "while Plaintiff was off work due to illness, she endured more retaliation for making management aware of her medically diagnosed illnesses"; that Plaintiff was terminated, on June 24, 2016,

---

[2] The First Amended Complaint presents ambiguities as to which Defendants are named in the individual Counts. For the purpose of determining whether Plaintiff's Motion to Remand should be granted, the Court will assume that all Defendants are named in all Counts.

3

"based on age, disability discrimination and retaliation in violation of the MHRA"; and that "Plaintiff was discriminated against based on her disability, age and for reporting her complaints to management for the horrible treatment she suffered at Convergys in violation of the MHRA." (ECF 13 at 2-4).

Count I of the First Amended Complaint, titled "Disability Discrimination," alleges that Plaintiff had medically diagnosed conditions which were "a motivating factor resulting in [her] termination"; that she "was fired" based on her disabilities; and that Plaintiff's termination, based on her disabilities, violated the MHRA. Count II of the First Amended Complaint, titled "Retaliation," alleges that Defendants retaliated against Plaintiff for her complaining about Defendant Jackson's discriminatory actions and "Defendants['] discriminatory work place practices related to her disability, age, the offensive teasing, harassment, name calling," and Defendant Jackson's demand for money; that Defendants retaliated against Plaintiff based on her exercising her rights under the MHRA, including Plaintiff's reporting the "ill treatment she received on the job from supervisor [sic] demanding money for cigarettes, gas and lunch"; and that Defendants retaliated against Plaintiff based on her having an illness. Count III of the First Amended Complaint, titled "Wrongful Termination," alleges that Plaintiff was terminated in violation of Missouri public policy and the MHRA, and that Plaintiff was "wrongfully terminated for her disability, impairment, handicap and for reporting

4

wrongdoing or violations of law to superiors, such as Defendant demanding money from [] Plaintiff." Count IV of the First Amended Complaint, titled "Age Discrimination," alleges that Plaintiff's age, over forty, was a motivating factor in her termination; that Plaintiff's age did not prevent her from doing a good job; that "Plaintiff's termination [was] causally linked to her age"; and that "Defendants behavior and conduct violated the MHRA based on age discrimination." Count V of the First Amended Complaint, titled "Intentional Infliction of Emotional Distress," alleges, that while Plaintiff suffered from enumerated medical conditions, Defendant Jackson "harassed and demeaned Plaintiff creating a daily hostile work environment" and causing "Plaintiff severe emotional distress that resulted in bodily harm and emotional harm." Count V further states that, due to the "abusive treatment" described in Count V, as well as "discrimination based on age, discrimination based on disability, wrongful termination, retaliation, and [IIED] in violation of [the] MHRA, and Missouri state laws, Plaintiff seeks relief." (ECF 13).

On February 21, 2018, Plaintiff filed the pending Motion to Remand, in which she asks for attorney's fees incurred by reason of removal proceedings. (ECF 14). In support of the Motion to Remand, Plaintiff argues that the First Amended Complaint does not allege a violation of federal law, including the FMLA; that her state law claims are not pre-empted by federal law; that

5

Defendants "cannot use FMLA as [a] federal defense to remove a case to federal court"; and that, therefore, the Court does not have federal question jurisdiction. Plaintiff further argues that all Defendants were properly joined; that she has stated a cause of action for IIED in Count V; and that, therefore, the Court does not have diversity jurisdiction. (ECF 14 at 1-4).

## LEGAL FRAMEWORK FOR FEDERAL JURISDICTION, REMOVAL AND REMAND

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (*quoting Gully v. First Nat'l Bank,* 299 U.S. 109, 112–113 (1936)). *See also Gaming Corp. of America v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir. 1996) ("The 'well-pleaded complaint rule' requires that a federal cause of action must be stated on the face of the complaint before the defendant may remove the action based on federal question jurisdiction.") (*quoting Caterpillar,* 482 U.S. at 392). Because federal law provides that plaintiffs are the "masters of [their claims], [plaintiffs] may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar,* 482 U.S. at 392.

Federal district courts also have original jurisdiction over all civil actions which are "between citizens of different States and where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. The party seeking the federal forum based on diversity has the burden of pleading diversity of the citizenship of the parties. *Walker v. Norwest Corp.,* 108 F.3d 158, 161 (8th Cir. 1997). The burden of establishing diversity jurisdiction is by a preponderance of the evidence. *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (8th Cir. 1992); *Yeldell v. Tutt,* 913 F.2d 533, 537 (8th Cir. 1990); *Russell v. New Amsterdam Cas. Co.,* 325 F.2d 996, 997 (8th Cir. 1964).

The court in *Iowa Pub. Serv. Co. v. Med. Bow Coal, Co.,* held, in regard to diversity that:

> [I]n a case where there are plural plaintiffs and plural defendants a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants. . . . [I]f the "nondiverse" plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction.

556 F.2d 400, 403-404 (8th Cir. 1977) (internal citations omitted).

Fraudulent joinder of a non-diverse party does not prevent removal. *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir. 1983). *See also, BP Chemicals Ltd. v. Jiangsu Sopo Corp,* 285 F.3d 677, 685 (8th Cir. 2002) (holding that a defendant's right of removal based on diversity of citizenship may not be defeated by fraudulently joining a non-diverse party). The Eighth Circuit holds

that "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law" to support a claim against the defendant whose joinder would preclude removal. *Wiles v. Capitol Indem, Corp.,* 280 F.3d 868, 871 (8th Cir. 2002). "Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Filla v. Norfolk Southern Ry. Co.,* 336 F.3d 806, 810 (8th Cir. 2003). Considerations relevant to determining whether joinder is fraudulent are as follows:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Public Service Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law might impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. *See Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc.,* 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000).

*Id.*

Upon "determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved . . . [a] district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla,* 336 F.3d at 811 (*citing Fields v. Pool Offshore, Inc.,* 182 F.3d 353, 357 (5th Cir. 1999)).

Except as otherwise expressly provided by Congress, civil actions for which

the district courts of the United State have original jurisdiction may be removed from State court to federal district court. 28 U.S.C. §§ 1441(a), 1446. A party opposing removal may file a motion to remand to State court. 28 U.S.C. § 1447(c). The party removing and opposing remand has the burden of establishing federal jurisdiction. *Iowa Lamb Corp. v. Kalene Indus., Inc.,* 871 F.3d 1149, 1154 (8th Cir. 1994); *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 182 (8th Cir. 1983 (per curiam). Upon considering a motion to remand, a district court is "required to resolve all doubts about federal jurisdiction in favor of remand." *Business Men's Assurance,* 992 F.2d at 182 (*citing Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir. 1987)). *See also, Transit Cas. Co v. Certain Underwriters at Llyod=s of London,* 119 F.3d 619, 625 (8th Cir. 1997).

**DISCUSSION**

*Federal Question Jurisdiction*:

At the time of removal, a federal question was clearly presented on the face of Plaintiff's Complaint as Plaintiff alleged, in Count II, that Defendants retaliated against her for her "requesting and for using [the] FMLA." *See Caterpillar,* 482 U.S. at 391. Federal question jurisdiction, however, is not presented on the face of the First Amended Complaint. Although the First Amended Complaint generally alleges, in regard to all Counts, that "[a]fter Plaintiff obtained a restricted work

9

schedule from her doctor" due to health issues, she began to receive ill treatment from Defendants, Plaintiff does not allege, in Counts I through IV, that any of the adverse actions which Defendants took against her were in retaliation for or otherwise related to her reduced work schedule taken pursuant to the FMLA, *c.f., Anderson v. Shade Tree Servs., Co.,* 2012 WL 3288120 (E.D. Mo. Aug. 10, 2012) (where complaint relied on public policy/state common law and alleged defendants wrongfully terminated plaintiff for seeking medical treatment for which she was eligible under the FMLA, court held that, because the exclusive remedy for a plaintiff discharged in violation of the FMLA is under that federal statute, complaint raised a federal question); rather, the First Amended Complaint, in Counts I through IV, solely alleges that Defendant's objectionable conduct was in violation of State law. As such, the Court finds that Plaintiff's claims in Counts I through IV of the First Amended Complaint are not pre-empted by the FMLA and do not arise under federal law.

To the extent Defendant suggests that the Court, nonetheless, has federal subject matter jurisdiction based on the original Complaint, "[i]t is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 928 (8th Cir. 2005) (citation omitted). "When a plaintiff has [voluntarily] filed an amended complaint, questions of federal subject matter

jurisdiction are determined by examining the face of the amended complaint. *Id.* at 928-29 (citation omitted). This is "[b]ecause Rule 15(c)(2) of the Federal Rules of Civil Procedure allows an amended complaint to relate back when the claim in the amended pleading 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original [complaint].'" *Id.* at 928. *See also Busick v. Physicians Clinic of Iowa, P.C.,* 2007 WL 2225928, at *4 (N.D. Iowa July 31, 2007) (*citing Oglala Sioux Tribe v. C & W Enter, Inc.,* 487 F.3d 1129, 1131 (8th Cir. 2007) (*citing Okla. Tax Comm'n v. Graham,* 489 U.S. 838, 840–41 (1989)).

When the decision to amend is involuntary, however, "the question of proper removal must be answered by examining the original[,] rather than the amended complaint." *In re Wireless Telephone,* 396 F.3d at 929 (citation omitted). A motion to amend is involuntary where a plaintiff faces the choice of amending his or her complaint or having it dismissed. *Id.* (*citing Humphrey v. Sequentia, Inc.,* 58 F.3d 1238, 1241 (8th Cir. 1995) (the motion to amend "was involuntary because the plaintiff faced the Hobson's choice of amending his complaint or risking dismissal"); *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th Cir. 2000)). Where a plaintiff is "confronted with a patently coercive predicament" which requires [that he or she] either file an amended complaint or risk dismissal of his or her entire case, an amended complaint is not filed voluntarily. *Wireless Telephone,* 396 F.3d at 929 (citing *Atlas,* 209 F.3d at 1067)).

Indeed, Plaintiff, in the matter under consideration, filed her Motion for Leave to Amend in response to Defendants' Motion to Dismiss. To the extent, however, that Plaintiff's seeking leave to amend indicates that Defendants' Motion to Dismiss was meritorious, the Court had not determined the merits of Defendants' Motion to Dismiss at the time Plaintiff sought leave to amend. Under such circumstances, it cannot be concluded that, at the time Plaintiff sought to amend, she was faced with the Hobson's choice of amending or facing dismissal. *C.f., Humphrey,* 58 F.3d at 1241. The Court finds, therefore, that Plaintiff sought leave to file an amended complaint voluntarily. As such, the Court further finds that the issue of federal question jurisdiction must be determined by examining the face of the First Amended Complaint. *See Wireless Telephone,* 396 F.3d at 928.

Because the First Amended Complaint is determinative of whether this Court has federal question jurisdiction, and because Counts I through IV of the First Amended Complaint do not present a federal question and are not pre-empted by federal law, the Court finds that it does not have federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Caterpillar,* 482 U.S. at 391; *Business Men's Assurance,* 992 F.2d at 182.

***Fraudulent Joinder:***

Complete diversity, as required for federal jurisdiction pursuant to 28 U.S.C. § 1332, does not exist on the face of Plaintiff's First Amended Complaint as it

alleges that Plaintiff, as well as Defendants Jackson, Rodgers, and Campbell, are citizens and residents of Missouri. *See Iowa Public Service,* 556 F.2d at 403-404. In response to the Motion to Remand, Defendants argue, as they did in the Notice of Removal, that joinder of Defendants Rodgers and Campbell is fraudulent, because they are not employers under the MHRA and, therefore, are not properly named as defendants and because Plaintiff did not exhaust her administrative remedies as to Defendants Rodgers and Campbell.[3] Defendants further argue that Count V of the First Amended Complaint fails to state a cause of action for IIED; and, therefore, joinder of Defendant Jackson is fraudulent. Because Defendants Rodgers, Campbell, and Jackson are fraudulently joined, Defendants argue that the complete diversity necessary for jurisdiction pursuant to 28 U.S.C. § 1332 is present.

The Missouri Supreme Court has set forth the elements of the tort of IIED as follows:

> To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm. *K.G. v. R.T.R.,* 918 S.W.2d 795, 799 (Mo. banc 1996). The conduct must have been "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Warrem v. Parrish,* 436 S.W.2d 670, 673 (Mo.

---

[3] It is not clear if Defendants also make this argument in regard to Defendant Jackson, and, as stated above, it is not clear if Plaintiff names Jackson as a Defendant in Counts I through IV.

1969). The conduct must be "intended only to cause extreme emotional distress to the victim." *K.G.,* 918 S.W.2d at 799.

*Gibson v. Brewer,* 952 S.W.2d 239, 249 (Mo. 1997) (en banc).

The "emotional distress" element of the IIED further requires that the "emotional distress is medically diagnosable and medically significant." *Miller v. Wackenhut Servs., Inc.,* 808 F. Supp. 697, 701 (W.D. Mo. 1992).

As discussed, in part, above, the First Amended Complaint generally alleges that, after Plaintiff was diagnosed with numerous medical conditions and while she was on a restricted work schedule pursuant to the *recommendation of a physician,* Plaintiff was "mistreated and retaliated against by Defendants"; that Plaintiff sought assistance from Defendants Rodgers and Campbell "to no avail"; that while Plaintiff was ill, Defendant Jackson demanded money from her; that Plaintiff was "pushed around, humiliated and demeaned because of her age and illness"; that Defendant Jackson's "actions towards Plaintiff [were] hostile, egregious and outrageous"; that Defendant Jackson, who was "team lead/supervisor demanded money from Plaintiff to buy gas, cigarettes and lunch"; that these demands "placed Plaintiff under duress and in fear"; that the "money taken by Defendant placed Plaintiff in an untenable position financially and caused severe stress"; and that "Plaintiff was made fun of for being older, slow and for having a bald spot at the top of her head." (ECF 13 at 2-4).

Specifically, in Count V, Plaintiff alleges that Defendants "discriminatory

work practices intentionally placed Plaintiff under severe emotional distress"; that Defendant Jackson bullied her, "pushed her around," and "broke her spirit and self-esteem resulting in depression and severe anxiety"; that Defendants' conduct was "intentional, extreme, outrageous, mean spirited and emotionally demeaning towards Plaintiff"; that "Plaintiff was ill and in fear of termination"; that, while Plaintiff suffered from numerous medical conditions, "Defendants harassed and demeaned [her] creating a daily hostile work environment"; that Defendant Jackson "bullied Plaintiff and pushed her around because she was an older person"; that Defendant Jackson "broke Plaintiff's spirit and self-esteem resulting in depression and severe anxiety"; that "Defendants' actions caused Plaintiff severe emotional distress that resulted in bodily harm and emotional harm"; that "due to this abusive treatment on the job, discrimination based on age, discrimination based on disability, wrongful termination, retaliation and intentional infliction of emotional distress in violation of the MHRA, and Missouri state laws, Plaintiff seeks relief"; and that Plaintiff was "placed in a harsh and cruel position and seeks relief." (ECF 13 at 9-10).

While Count V of the First Amended Complaint is unquestionably rambling and confusing and includes numerous allegations that are not relevant to a claim of IIED, Count V does provide more than a "the-defendant-unlawfully-harmed-me accusation" in regard to Defendant Jackson's culpability for IIED. *See Ashcroft v.*

15

*Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation omitted). Further, the First Amended Complaint provides a reasonable basis in fact and law supporting Plaintiff's claim of IIED. *See Filla,* 336 F.3d at 811. As such, and resolving all ambiguities in Plaintiff's favor, the Court finds, *only in regard to the allegations against Defendant Jackson in Count V*, that Plaintiff alleges the elements of a claim of IIED and states a colorable cause of action for IIED; that Defendant Jackson is properly, not fraudulently, joined in Count V; that complete diversity does not exist because Plaintiff and Defendant Jackson are both citizens and residents of Missouri; and that, therefore, the Court does not have diversity jurisdiction and this matter should be remanded to State court. *See id.*; *Sheehan,* 967 F.2d at 1215; *Miller,* 808 F. Supp. at 701; *Gibson,* 952 S.W.2d at 249.

Given that the Court has found that Defendant Jackson is not fraudulently joined, thereby defeating complete diversity, the Court need not determine whether Defendants Campbell and Rodgers are fraudulently joined.

## DEFENDANTS' MOTION TO STRIKE

Defendants have moved to strike new arguments in support of remand which Plaintiff allegedly makes in her Reply brief. (ECF 19). In particular, Defendants suggest that Plaintiff argues, for the first time in her Reply brief, in regard to Defendants' allegation of fraudulent joinder of Defendants Campbell and Rodgers, that an amendment to MHRA addressing who may be held liable under that statute

16

does not apply retroactively. The retroactive application of the MHRA and whether or not individuals or employees can be liable under the MHRA is not relevant to the Court's determination that Plaintiff has sufficiently alleged a cause of action for IIED against Defendant Jackson in Count V, and that her joinder precludes the Court's having diversity jurisdiction. The Court will, therefore, deny Defendants' Motion to Strike as moot.

## CONCLUSION

Because it does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court finds that this matter should be remanded to State court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Strike (ECF 19) is **DENIED**, as moot;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Remand (ECF 14) is **GRANTED**, in part, and **DENIED**, in part;

**IT IS FURTHER ORDERED** that Plaintiff's request that this matter be remanded to the Circuit Court of St. Louis County, Missouri, is **GRANTED**, and that Plaintiff's request for attorney's fees is **DENIED**;

**IT IS FURTHER ORDERED** that a separate Order of Remand shall issue; and

17

**IT IS FINALLY ORDERED** that the Clerk of Court shall take appropriate action to assure this matter is remanded to the Circuit Court of St. Louis County, Missouri.

Dated this 27th Day of March 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE